UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DAVID PATT                                   CIVIL ACTION NO. 6:12-cv-02871

VERSUS                                       JUDGE DOHERTY

SELECTIVE INSURANCE COMPANY          MAGISTRATE JUDGE HANNA
OF THE SOUTHEAST, ET AL.

## REPORT  AND  RECOMMENDATIONS

Currently pending before the Court is the motion to dismiss, under Fed. R. Civ.
P. 12(b)(6), which was filed by defendant, Martin Perret Quality Plus, Inc. d/b/a
Quality Plus Insurance ("Quality Plus.")  (Rec. Doc. 39).  The motion is opposed.
(Rec. Doc. 45).  The motion was referred to the undersigned for review, report, and
recommendation in accordance with the provisions of 28 U.S.C. § 636 and the
standing orders of this Court.  (Rec. Doc. 44).  Oral argument was held on June 25,
2013.  Present in court were Nicole Boyer, representing Quality Plus; Doug Sunseri,
representing the plaintiff; and Brett Burns, representing defendant Selective Insurance
Company of the Southeast ("Selective.")   For the following reasons, it is
recommended that the motion be denied.

## BACKGROUND

The plaintiff David Patt owns a house located at 120 Roger Drive in Lafayette, Louisiana, which was damaged by wind and flood during a storm on March 12, 2012. At the time of the storm, Mr. Patt had both homeowners' insurance coverage and flood insurance coverage. The homeowners' insurance policy was issued by defendant Republic Fire and Casualty Insurance Company, and the flood insurance policy was issued by defendant Selective, a Write-Your-Own Program participant in the federal government's National Flood Insurance Program ("NFIP"). Mr. Patt submitted claims to both insurers. In this lawsuit, he claims that both insurers responded to his claims by tendering insufficient amounts. He alleges that his damages totalled $91,220.22, that Selective paid $30,999.29, and that Republic paid $5,624.58, for a difference between the claimed amount of damages and the amount paid by the insurers of $68,220.93. Mr. Patt also asserted a claim against his mortgagee, Bank of America, alleging that Bank of America refused to endorse the $5,624.58 check from Republic and failed to reissue a payment of $7,840.84 from the insurance proceeds, precluding repairs to the property.

Finally, Mr. Patt sued Quality Plus. Quality Plus allegedly served as Mr. Patt's insurance broker or agent in procuring his flood insurance. Mr. Patt alleges that the flood insurance policy that was in effect at the time of the subject storm and ensuing

damage, Policy No. 98-RF-5039-1, provided coverage in the amount of $186,300 for the structure and $81,000 for the contents.  He alleges, however, that he contacted Quality Plus for the purpose of acquiring "full and complete coverage for the residence" (Rec. Doc. 29 at 2, ¶¶ XX, XXI) and that Quality Plus indicated to him that his residence "was fully insured . . . with . . . flood insurance" (Rec. Doc. 29 at 2, ¶ XXI).  He further alleges that if it is determined that the flood insurance policy does not provide full and complete coverage, then Quality Plus failed to properly and fully secure insurance coverage as requested, and breached its duty to advise him of a gap in coverage, and precluded his obtaining additional or alternative coverage. (Rec. Doc. 29 at 2, ¶ XXII).  He further alleges that if it is ultimately determined that the flood insurance policy procured by Quality Plus does not provide coverage for the structure or contents on the first floor of his home, then Quality Plus "failed to obtain the requested coverage." (Rec. Doc. 29 at 2, ¶ XXIII).  Mr. Patt claims that, in failing to provide coverage for the entirety of the residence, Quality Plus breached its fiduciary duties.  (Rec. Doc. 29 at 3, ¶¶ XXIV, XXV).  He seeks to recover $250,000 in dwelling coverage and $100,000 in contents coverage under the flood policy, claiming that he requested that Quality Plus obtain coverage for him in those amounts but Quality Plus failed to do so.

Quality Plus responded to Mr. Patt's complaint with a motion to dismiss, under Fed. R. Civ. P. 12(b)(6), contending that the complaint fails to state a claim on which relief can be granted.  More particularly, Quality Plus argues that it is unreasonable, as a matter of law, for Mr. Patt to rely upon any representation made by Quality Plus that differed in any way from the actual terms and conditions of his flood insurance policy.

## DISCUSSION

### A.   THE STANDARD FOR ANALYZING A RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1]  When considering a such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto.[2]  The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[3]  However,

---

[1]      *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2]      *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3]      *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6]  The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8]  "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9]  If the plaintiff fails to allege facts

---

[4]     *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[6]     *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7]     *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[8]     *Bell Atlantic v. Twombly,* 127 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

[9]     *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted;).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]   "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

## B.   MR. PATT'S CLAIMS

Mr. Patt's claim against Quality Plus has two components.  First, he alleges that he asked Quality Plus to obtain a flood insurance policy that provided him with "complete coverage" for his residence, that his residence actually was not fully

---

[10]     *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[11]     *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

[12]     *Ashcroft v. Iqbal*, 129 S.Ct. at 1950.

[13]     *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556.  See also *In Re Southern Scrap*, 541 F.3d 584, 587 (5th Cir. 2008).

insured against flood damage, and that Quality Plus consequently failed to obtain the coverage that he requested.  This is a claim for failure to procure the requested insurance coverage.  Second, Mr. Patt alleges that Quality Plus represented to him "that the residence was fully insured in connection with. . . flood insurance."  This is a misrepresentation claim.  The failure to procure claim and the misrepresentation claim must be considered separately.

### 1.  MR. PATT FAILS TO STATE A CLAIM REGARDING ALLEGED MISREPRESENTATIONS

When Mr. Patt's allegations concerning Quality Plus's alleged misrepresentation as to the amount of coverage acquired are taken as true, as they must be when considering this motion to dismiss, Mr. Patt cannot recover from Quality Plus.  Accordingly, he has not stated a claim upon which relief can be granted with regard to his misrepresentation claim.

Mr. Patt is an insured under the National Flood Insurance Program ("NFIP"). As such, he is charged with constructive knowledge of the provisions of the Standard Flood Insurance Policy ("SFIP").  "Louisiana courts have held that an insured's reliance on an insurer's alleged misrepresentation is not justifiable when the terms of

the policy clearly reveal that the alleged misrepresentation was inaccurate."[14]  This principle is well settled, and with regard to flood insurance, this principle is even more concrete.

The National Flood Insurance Program (the "NFIP") is a federal program that was established by the National Flood Insurance Act of 1968, as amended, 42 U.S.C. § 4001 et seq., and is regulated by the Federal Emergency Management Agency ("FEMA").[15]  "A flood insurance policy issued under the NFIP is written by the federal government and called a Standard Flood Insurance Policy.  A SFIP is a regulation of [FEMA], stating the conditions under which federal flood insurance funds may be disbursed to eligible policyholders.  The front page of every SFIP expressly states that all flood insurance policies are subject to the terms of the National Flood Insurance Act of 1968 (NFIA), 42 U.S.C. § 4001, et seq., and the regulations found in Title 44 of the Code of Federal Regulations."[16]  Thus, the SFIP is codified.[17]  A person insured under an SFIP and making a claim under such a policy

---

[14]      *Campo v. Allstate Ins. Co.*, 440 Fed. App'x 298, 302 (5th Cir. 2011).

[15]      *Worthen v. Fidelity Nat. Property and Cas. Ins. Co.*, 463 Fed. App'x 422, 424 (5th Cir. 2012).

[16]      *Bryars v. Imperial Fire and Cas. Ins. Co.*, No. 11-72, 2011 WL 5402930, at *3 (E.D. La. Nov. 8,2011) (internal citations and quotation marks omitted).

[17]      *King v. Casa Grande Condominium Ass'n, Inc.*, 416 Fed. App'x 363, 365 (5th Cir. 2011).

is charged with constructive knowledge of the provisions of his particular SFIP and the NFIP, regardless of his actual knowledge of what is in the regulations and regardless of the hardship resulting from innocent ignorance.[18]  Representations by a broker or agent regarding the extent or scope of coverage under an SFIP that are contrary to the terms and provisions of the policy are void as a matter of law.[19] Therefore, an insured's or claimant's reliance on such a representation is unreasonable as a matter of law.[20]

Accordingly, to the extent that Mr. Patt may have relied upon a representation by Quality Plus that differed from the content of his insurance policy, his reliance on that representation was unreasonable as a matter of law, and he has not stated a claim on which relief may be granted by this Court.

## 2.   MR. PATT STATES A FAILURE TO PROCURE CLAIM

---

[18]      *Worthen v. Fidelity Nat.*, 463 Fed. App'x at 426, citing *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947).

[19]      *Schewe v. USAA Casualty Insurance Co.*, No. 06-881, 2007 WL 2174588, at *7 (E.D. La. July 27, 2007)

[20]      See, e.g., *Griffith v. State Farm Fire & Casualty Co.*, No. 09-00567, 2010 WL 231743, at *6 (W.D. La. Jan. 14, 2010); *Bull v. Allstate Insurance Co.*, 649 So.2d 529, 540 (W.D. La. 2009); *Schewe v. USAA Casualty Insurance Co.*, No. 06-881, 2007 WL 2174588, at *7 (E.D. La. July 27, 2007) ("representations regarding the extent and scope of coverage under the SFIP that are contrary to its terms and provisions are void as a matter of federal law. . . .  It would also be unreasonable to rely on such statement. . . ."); *Larmann v. State Farm Insurance Co.,* No. Civ. A. 03-2993, 2005 WL 357191, at *5 (E.D. La. Feb. 11, 2005).

In his complaint, Mr. Patt alleges that Quality Plus failed to procure the flood insurance that he requested.  More particularly, he alleges that he contacted Quality Plus for the purpose of acquiring "full and complete coverage for the residence." (Rec. Doc. 29 at 2, ¶¶ XX, XXI).  He further alleges that if it is determined that the flood insurance policy that was issued to him does not provide full and complete coverage, then Quality Plus failed to properly and fully secure the coverage that he requested.  (Rec. Doc. 29 at 2, ¶ XXII).  He also alleges that if it is ultimately determined that his flood insurance policy does not provide coverage for the structure or contents on the first floor of his home, then Quality Plus "failed to obtain the requested coverage."  (Rec. Doc. 29 at 2, ¶ XXIII).

"The National Flood Insurance Program was created under the National Flood Insurance Act of 1968 to provide coverage for flood losses.  Homeowners are able to purchase a flood policy directly from FEMA or through private insurers, known as Write Your Own (WYO) carriers.  All policies issued under the federal program use the terms and conditions of the Standard Flood Insurance Policy (SFIP).  A claim made under a federal flood policy, including claims brought against the WYO agent for negligent handling, falls within the exclusive jurisdiction of the federal court and federal law applies.  However, claims brought by the homeowner against the WYO agent for failure to procure a flood policy do not fall within the exclusive jurisdiction

of the federal court and these cases are subject to remand for litigation in the state court under state law."[21]   Therefore, Mr. Patt's claim against Quality Plus for its alleged failure to procure the requested flood insurance is a state-law claim.

The Louisiana Supreme Court has held that an insurance agent owes a duty of reasonable diligence to his customer, which is fulfilled when the agent procures the insurance requested.[22]  "Under Louisiana law, an insurance broker has a fiduciary responsibility to the insured as well as to the insurer, and he is liable for his own fault or neglect.  In order to recover for a loss arising out of the failure of an insurance agent to obtain insurance coverage, the plaintiff must prove:  (1) an undertaking or agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that the client was properly insured."[23]  Stated another way, an insured has a valid claim against the agent when the insured can show that:  1) the insurance agent agreed to procure the insurance; 2) the agent failed

---

[21]    *Landry v. Louisiana Citizens Property Ins. Co.*, 2007-247 (La. App. 3 Cir. 08/28/07), 964 So.2d 463, 467 n. 1) (internal citations omitted).

[22]    *Isidore Newman School v. J. Everett Eaves, Inc.*, 2009-2161 (La. 07/06/10), 42 So.3d 352, 356.

[23]    *Offshore Production Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 -230 (5th Cir. 1990).

-11-

to use reasonable diligence in attempting to do so and failed to notify the client that the requested insurance was not obtained,; and 3) the agent acted in such a way that the client could assume he was insured.[24]

Although it is not possible to tell, at this stage of the litigation, whether Mr. Patt will ultimately be able to prevail on this claim, the undersigned finds that he has stated a plausible claim, and the undersigned recommends that Quality Plus's motion to dismiss be denied.

### 3.   JURISDICTION

An action for breach of an SFIP raises a substantial question of federal law and provides a district court with federal-question subject-matter jurisdiction.[25]   Claims relating to the handling or adjusting of flood insurance policies are preempted by federal law[26] and also fall under federal-question jurisdiction.   In this case, Mr. Patt has asserted a claim against Selective, the company that wrote his flood policy, that provides this Court with subject-matter jurisdiction.

---

[24]     *Isidore Newman School v. J. Everett Eaves, Inc.*, 42 So.3d at 356-57.

[25]     *Borden v. Allstate Ins. Co.*  589 F.3d 168, 172 (5th Cir. 2009).

[26]     *Campo v. Allstate Insurance Co.*, 562 F.3d 751, 754 (5th Cir. 2009).

But claims for the procurement of flood insurance are not preempted by federal law.[27]   Therefore, Mr. Patt's procurement claim against Quality Plus does not independently provide this Court with subject-matter jurisdiction.  A district court may, however, exercise supplemental jurisdiction over state-law claims that do not independently come within its jurisdiction so long as they form part of the same case or controversy as the claims which do fall within the court's original jurisdiction.[28] The test for such a relationship requires that the claims derive from a common nucleus of operative fact.[29]

The undersigned finds that, in this case, Mr. Patt's two claims against Quality Plus as well as his claim against Selective arise out of the same basic facts:  his communications with Quality Plus regarding flood insurance, the contents of the flood insurance policy, the nature and extent of the storm damage, and the payments made by the insurers.  Accordingly, the undersigned recommends that the Court exercise supplemental jurisdiction over Mr. Patt's state-law procurement claim against Quality Plus.

---

[27]     *Campo v. Allstate Insurance Co.*, 562 F.3d at 758.

[28]     *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010); 28 U.S.C. § 1367(a).

[29]     *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d at 293.

## CONCLUSION

Mr. Patt has stated a plausible claim against defendant Quality Plus for its alleged failure to procure the flood insurance that Mr. Patt requested.  Therefore, the undersigned recommends that Quality Plus's motion to dismiss, which was brought under Fed. R. Civ. P. 12(b)(6), be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d

-14-

1415 (5th Cir. 1996).

      Signed at Lafayette, Louisiana on June 25th, 2013.

                                           _____

                                           PATRICK J. HANNA
                                           UNITED STATES MAGISTRATE JUDGE