RECEIVED
SEP - 9 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DAVID PATT | CIVIL ACTION NO.: 12-2871 |
| VERSUS | JUDGE DOHERTY |
| SELECTIVE INS. CO. OF SOUTHEAST | MAGISTRATE JUDGE HANNA |

## ORDER

Pending before the Court is the Report and Recommendation [Doc. 53] of the magistrate judge, wherein the magistrate judge recommends the Motion to Dismiss [Doc. 39] filed by defendant Martin Perret Quality Plus, d/b/a Quality Plus Insurance ("Quality Plus"), be granted in part and denied in part. Specifically, the magistrate judge recommends the motion be granted to the extent that plaintiff's misrepresentation claim be dismissed, but denied as to plaintiff's failure to procure claim. Quality Plus has filed an objection, arguing the plaintiff's failure to procure claim also should be dismissed, for substantially the same reasons it is recommended the misrepresentation claim should be dismissed.

The arguments contained within Section II(A) of Quality Plus's Objection [Doc. 56] are entitled to little weight, as they focus on (1) cases dealing with misrepresentation claims (as opposed to failure to procure claims) and (2) cases in a motion-for-summary-judgment posture (as opposed to a motion-to-dismiss posture). However, in Section II(B) of Quality Plus's Objection, Quality Plus points out plaintiff's flood insurance policy provided flood insurance to the fullest extent allowed through the National Flood Insurance Program ("NFIP"). Given the jurisprudence holding that an insurance agent does not have a duty to advise a policyholder as to the amount of flood insurance

coverage to obtain,[1] this Court is unclear as to whether the plaintiff could, in fact, recover on his failure to procure claim in this case as a matter of fact or law, given Quality Plus's argument that the plaintiff in this matter already had obtained the maximum amount of coverage he could obtain under the NFIP.[2]

The plaintiff has not filed a responsive brief addressing this point or any other, and despite raising this issue with counsel at oral argument, the magistrate judge did not address this point in his Report.

Considering the foregoing, this Court has question as to whether the plaintiff sufficiently states a failure to procure claim under the facts of this case. Given that the magistrate judge heard argument on this point at oral argument, and given his familiarity with the arguments contained in the parties' briefs on the motion to dismiss, this matter is REMANDED to the magistrate judge to reconsider his recommendations to this Court in light of the argument raised by Quality Plus in Section II(A) of its Objection [Doc. 56].

THUS DONE AND SIGNED in Lafayette, Louisiana, this _____ day of September, 2013

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 9-10-13
BY CB
TO RJH PJ/efa

---

[1] See, e.g., Isidore Newman School v. J Everett Eaves, Inc., 42 So.3d 352, 359 (La. 2010) (stating: "[W]e conclude that the lower courts erred in holding that the insurance broker or agent owed a duty to advise the client as to the amount of insurance coverage to obtain. An agent has a duty of "reasonable diligence" to advise the client, but this duty has not been expanded to include the obligation to advise whether the client has procured the correct amount or type of insurance coverage. It is the insured's responsibility to request the type of insurance coverage, and the amount of coverage needed. It is not the agent's obligation to spontaneously or affirmatively identify the scope or the amount of insurance coverage the client needs. It is also well settled that it is insured's obligation to read the policy when received, since the insured is deemed to know the policy contents.") (emphasis added).

[2] Indeed, the magistrate judge acknowledged that, with respect to the misrepresentation claim, representations by a broker or agent regarding the extent or scope of coverage under a standard flood insurance policy that are contrary to the terms and provisions of the policy are void as a matter of law. Therefore, an insured's or claimant's reliance on such a representation is unreasonable as a matter of law. See, e.g., Larmann v. State Farm Ins. Co., 2005 WL 357191 (E.D. La.. Feb. 11, 2005), (Porteous, J.), cited in Griffith v. Sate Farm Fire & Casualty Co., 2010 WL 231743, at *6) (W.D. La. Jan. 14, 2010) (Kay, M.J.).